Per Curiam.

Plaintiff, a dealer engaged in buying and selling Torah scrolls, arranged to transport two such scrolls in November, 1970 from St. Louis to New York for sale by him, on consignment, for the account of his brother, the owner of the scrolls from whom he had received them in Israel the previous May. He brought the scrolls to the airport in St. Louis, wrapped in paper and tied with string where he checked them, for carriage, with the airline company on whose plane he took flight to New York. At the St. Louis airport he procured from defendant two insurance policies of $3,000 each on his 1 ‘ personal •effects and baggage ”. Apart from the exclusions in the policies, the question is: Did the insurance cover the two scrolls which were lost?
*970 It is crystal clear that these scrolls were not ‘£ personal effects ’ ’ owned by the insured and were not within the explicit coverage of the policies as such. The critical question is whethe'r or not the scrolls were £ £ baggage ’ ’ within the meaning of thai\ term as used in the insurance policies and as understood by the ordinary businessman in the circumstances of plaintiff at the time he purchased the insurance (Harris v. Allstate Ins. Co., 309 N. Y. 72, 75).
The word £ ‘ baggage ’ ’ in common speech as reported in Webster’s New International Dictionary (3d ed., 1967) means ££ 1: a group of traveling bags, trunks or both esp. when packed and in transit: personal belongings of travelers either carried by hand or checked with a carrier: luggage ’ ’. And the same authority reports ‘‘ luggage ’’ as meaning ££ 1: something that is lugged; esp: the belongings that a traveler carries with him * * * 2a; suitcases, traveling bags, and other articles containing a traveler’s belongings: baggage”.
This commonly accepted and understood meaning, however broadly it may be construed to include a great variety of articles, invariably connotes the essential idea of ££ belongings ”, i.e., articles owned by the traveler or possessed by him for use in or about his person for his self-care, safety, comfort, convenience etc.; this meaning clearly excludes, at all events, the idea of goods or merchandise belonging to another and being transported for sale by a dealer in such goods. So it can be said that in the ordinary meaning of plain language whatever else “ baggage ” is, the average businessman would understand that it is not wares, on consignment, a salesman carries along on his travels for sale for customers or other prospective purchasers (see Araje v. Pennsylvania R. B. Co., 251 N. Y. 354). Applying the rule laid down in Sincoff v. Liberty Mut. Fire Ins. Co. (11 N Y 2d 386, 390) the only construction that can fairly be placed on the policies of insurance involved here is that their coverage of ££ personal effects and baggage ” did not extend to customer-owned merchandise being transported by a dealer in such merchandise, for purposes of sale and that it would be unreasonable for the average dealer in Torah scrolls reading the policies to conclude that customer-owned Torah scrolls he was transporting for sale were ‘ personal effects and baggage ’ ’.
The judgment should be reversed with $30 costs and complaint dismissed.
Concur — Fine, J. P., Lupiano and Quinn, JJ.
Judgment reversed, etc.